[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R.11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Adams Landing Limited Partnership ("ALLP") appeals the trial court's entry of summary judgment for defendant appellee, city of Cincinnati ("City"), on ALLP's complaint and on four of the City's seven counterclaims. ALLP advances one assignment of error on appeal. We do not reach the merits of this assignment because the entry from which the appeal derives is not a final appealable order.
ALLP filed a complaint against the City on April 23, 1998. The City filed an answer, a counterclaim against ALLP, and a third-party complaint against The Beneson Capital Company ("BCC") and Charles B. Beneson on May 8, 1998. BCC and Charles B. Beneson filed a motion to dismiss on June 2, 1998. The City withdrew its third-party complaint against Charles B. Beneson. The trial court then granted the City's oral motion to join BCC as a defendant on the fourth, sixth, and seventh counterclaims for relief only and severed those counterclaims against BCC for separate trial pursuant to Civ.R. 42(B).
In December 1999, the City moved for summary judgment. The trial court granted the City's motion for summary judgment on August 8, 2000. The entry dismissed ALLP's complaint and awarded judgment to the City on its first, second, third, and fifth counterclaims. The entry also stated that "the Court would conduct further proceedings herein to resolve the Fourth, Sixth, and, Seventh Claims for Relief contained in Defendant City of Cincinnati's Counterclaim." This appeal followed.
Section 3(B)(2), Article IV of the Ohio Constitution confers upon courts of appeals "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." R.C.2505.03(A) limits the jurisdiction of courts of appeals to the review of "final order[s], judgment[s], or decree[s]." R.C. 2505.02(B)(1) defines a "final order" as "an order that affects a substantial right in an action which in effect determines the action and prevents a judgment."
 When an action involves multiple claims and multiple parties, Civ.R. 54(B) authorizes the trial court to do the following:
 [E]nter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties.
 Both ALLP and the City agree that the entry from which ALLP has appealed disposed of only four of the City's seven counterclaims, and that it is not a final appealable order. It did not "in effect determine 
the action [or] prevent a judgment" on the three remaining counterclaims against ALLP and BCC. Furthermore, the trial court did not include the words "there is no just reason for delay" in its entry granting summary judgment. We conclude, therefore, that the entry is not a final appealable order. We are accordingly without jurisdiction to entertain this appeal, and for that reason the appeal is dismissed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann, and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.